IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-2429-RPM-KLM

FIRST MERCURY INSURANCE COMPANY,

      Plaintiff,

v.

BRIDGE DIAGNOSTICS, INC., a Colorado corporation,

      Defendant.

---

## DEFENDANT'S MOTION TO DISMISS

---

      Defendant Bridge Diagnostics, Inc. ("BDI") submits this Motion to Dismiss.  Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), this Motion requests the Court dismiss the First Amended Complaint for Declaratory Judgment filed by plaintiff First Mercury Insurance Company ("First Mercury").  In support of this Motion, BDI states as follows.

## TABLE OF CONTENTS

<div align="right"><u>Page</u></div>

I.    INTRODUCTION ................................................................................................. 1

II.   FACT ALLEGATIONS......................................................................................... 2

III.  ARGUMENT ........................................................................................................ 4

    A.    This Court Should Dismiss This Action Because First Mercury Failed To Name The Underlying Plaintiffs As Parties To This Lawsuit ................................ 4

    B.    This Court Should Dismiss First Mercury's Declaratory Judgment Action Because It Is Not "Independent Of And Separable From" The Florida Lawsuits ............................................................................................................... 6

IV.   CONCLUSION ................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page**

Cases

*Addison Ins. Co. v. Maynard*,
    08-cv-00054-WDM-BNB, 2008 WL 2079143 (D. Colo. May 15, 2008) ..................... 6, 7

*Addison Ins. Co. v. Rippy*,
    08-cv-00237-PAB-MJW, 2009 WL 723322 (D. Colo. March 18, 2009) ...................... 6, 7

*American Int'l Specialty Lines Ins. Co. v. Reimer & Koger Assoc., Inc.*,
    *874 F.Supp. 324 (D.Kan.1995)* ........................................................................... 5

American Safety Cas. Ins. Co. v. Condor Assocs., Ltd.,
    129 F. App'x 540 (11th Cir. Apr. 21, 2005) ..................................................... 5

*Auto-Owners Ins. Co. v. High Country Coating, Inc.,*
    261 F.Supp.3d 1129 (D. Colo. 2017) ............................................................... 7

*Colony Ins. Co. v. Vantaggio Farming Corp.*,
    17-cv-00714-LJO-SKO, 2017 WL 3478998 (E.D. Cal. August 14, 2017) ....................... 5

*Constitution Associates v. New Hampshire Ins. Co.,*
    930 P.2d 556 (Colo. 1997) .................................................................. 1, 4, 5, 7, 8

*Harris v. Quinones*,
    507 F.2d 533 (10th Cir. 1974) ......................................................................... 4

*Hartford Ins. Group v. District Court,*
    625 P.2d 1013 (Colo.1981) ............................................................................. 8

*Hepburn v. Figg Bridge Engineers, Inc.*,
    Case No. 2018-008144-CA-1, Section CA 03, Florida Circuit Court for the
    Eleventh Judicial District ............................................................................. 3

*Horton v. Davis*,
    13-cv-01089-REB-NYW, 2015 WL 7294815 (D. Colo. Nov. 19, 2015) ......................... 3

*Kennedy v. Aerr Co.*,
    833 P.2d 807 (Colo. App. 1991) ..................................................................... 4

*Ranger Ins. Co. v. United Housing of New Mexico, Inc.,*
    488 F.2d 682 (5th Cir.1974*)* ......................................................................... 5

*St. Paul Fire and Marine Ins. Co. v. Runyon*,
    53 F.3d 1167 (10th Cir. 1995) ....................................................................... 6

*State Farm Fire & Cas. Co. v. Mhoon*,
    31 F.3d 979 (10th Cir. 1994) ......................................................................... 6

*United Financial Casualty Co. v. Lapp*,
    Civil Action No. 12-cv-00432-MSK-MEH, 2012 WL 7800838 (D. Colo. Oct. 12,
    2012) .............................................................................................. 1, 5

Active/49467361.2

# I.   <u>INTRODUCTION</u>

For two separate and independent reasons, BDI requests this Court dismiss First Mercury's First Amended Complaint.

*First*, an insurer's anticipatory declaratory judgment action against an insured must be dismissed unless the claimants in the underlying lawsuit are named as defendants. *See, e.g.*, *United Financial Casualty Co. v. Lapp*, Civil Action No. 12-cv-00432-MSK-MEH, 2012 WL 7800838 (D. Colo. Oct. 12, 2012), *magistrate's recommendation adopted*, 2013 WL 1191392 (D. Colo. March 21, 2013).  Here, First Mercury filed this anticipatory declaratory judgment action against its insured BDI, but failed to name the plaintiffs in the underlying lawsuits as co-defendants.

*Second*, the Colorado Supreme Court has held an insurer may not pursue an anticipatory declaratory judgment action against its insured unless the coverage issues are "independent of and separable from" the issues in the underlying lawsuit.  *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d 556 (Colo. 1997).  Courts in this federal district repeatedly have applied this holding.  Here, the issue First Mercury raises in its First Amended Complaint – that all of the claims asserted in the underlying lawsuits arise from BDI's professional services – are interdependent with, and inseparable from, the liability issues BDI faces in the underlying Florida lawsuits.  Forcing BDI to litigate those issues here will result in substantial prejudice to BDI; specifically, putting BDI at risk of conceding liability on the common law negligence and related claims asserted against BDI in the underlying lawsuits in order to secure coverage under First Mercury's policies).  Accordingly, this Court should exercise its discretion to dismiss First Mercury's lawsuit.

1

## II.     FACT ALLEGATIONS

On March 10, 2018, Florida International University ("FIU") installed the main span of a proposed pedestrian bridge over a roadway in Miami, Florida.  Complaint ¶¶ 12 & 25.[1]  The main span of the bridge was constructed nearby first, then moved and lifted into its planned permanent position over the roadway.  *Id.* ¶ 17.  Barnhart Crane and Rigging ("Barnhart") hired BDI as a subcontractor to provide limited monitoring of the bridge span during its movement.  *Id.* ¶ 20.  BDI is a Colorado corporation with its principal place of business in Colorado.  *Id.* ¶ 9.

On March 15, 2018, the bridge collapsed onto the roadway below, killing or injuring multiple individuals.  *Id.* ¶ 18.  As a result of this collapse, numerous lawsuits (the "Florida Lawsuits") were filed in Florida state court against BDI and more than 20 other defendants.  *Id.* ¶ 13.  The Florida state court ordered that the complaints in these lawsuits be consolidated into two master complaints (collectively the "Master Complaints"), one concerning civilian plaintiffs and another concerning bridge worker plaintiffs.  *Id.* ¶¶ 39-43.  BDI is a defendant under both Master Complaints.  *See* Master Civilian Complaint (Attachment 9 to Complaint) and Master Worker Complaint (Attachment 10 to Complaint).

The Master Complaints each allege four causes of action against BDI – one for professional negligence and three for other types of negligence.  Specifically, the Master Civilian Complaint alleges claims for:

(1) Professional Negligence
(2) Negligence (Not Professional)
(3) Negligent Failure to Disclose; and
(4) Negligent Misrepresentation.

---

[1] In support of this motion to dismiss under Rule 12(b)(6), BDI discusses the allegations in First Mercury's Complaint.  In so doing, BDI in no way admits any of those allegations.

*See* Master Civilian Complaint (Attachment 9 to Complaint) at pp. 60-65.[2]

The Master Worker Complaint alleges similar claims:

    (1) Gross Negligence;
    (2) Professional Gross Negligence;
    (3) Negligent Failure to Ensure Safety; and
    (4) Negligent Misrepresentation (Gross Negligence).

*See* Master Worker Complaint (Attachment 10 to Complaint) at pp. 107-116.

First Mercury issued two commercial general liability insurance policies to BDI both of which covered the policy period of April 1, 2017 to April 1, 2018. Complaint ¶¶ 29 & 33.  The first was a primary policy.  *Id.* ¶ 29 and Attachment 4.  The second was an excess policy.  *Id.* ¶ 33 and Attachment 5.  Both policies contain a professional liability exclusion upon which First Mercury relies in this case.  *Id.* ¶ 35.

In its Complaint, First Mercury alleges it has no duty to indemnify BDI for any liability in the Florida Lawsuits based on the policies' Professional Services exclusion.  *Id.*  ¶¶ 46-53.  First Mercury argues that all of the claims asserted against BDI in the Master Complaints arise from BDI's professional services and, hence, fall within the exclusion:

> According to the plain and unambiguous language of the Professional Liability Exclusion, First Mercury has no duty to indemnify BDI under the First Mercury Policies in connection with the claims asserted in the Underlying Lawsuits and/or the Master Complaints, and any subsequent pleadings that may be filed by the

---

[2] These two Master Complaints set forth the current allegations in the numerous Florida Lawsuits. *See* Complaint ¶¶ 39 & 41.  Pursuant to a July 6, 2018 order entered in the Florida Lawsuits, these two Master Complaints constitute amendments of right to the numerous prior complaints filed in the Florida Lawsuits, and the defendants are required to respond only to these two Master Complaints.  *See* July 6, 2018 *Order Re: Initial Phase Case Management: June 27, 2018 Hearing* (E-Filing No. 74576931) in *Hepburn v. Figg Bridge Engineers, Inc.*, Case No. 2018-008144-CA-1, Section CA 03, Florida Circuit Court for the Eleventh Judicial District.  *See also Horton v. Davis*, 13-cv-01089-REB-NYW, 2015 WL 7294815, at *1 (D. Colo. Nov. 19, 2015) (on motion to dismiss, court may take judicial notice of court filings in another lawsuit).

claimants [*i.e.*, the plaintiffs in Florida] to conform to or adopt the allegations in the Master Complaints, ***as those claims all arise out of BDI's professional services***.

*Id.* at ¶ 52 (emphasis added).

First Mercury also alleges that "because it has no duty to indemnify BDI" concerning the Florida Lawsuits, it also has "no duty to defend BDI." *Id.* ¶ 60. First Mercury seeks a declaratory judgment on this insurance coverage issue.[3]

## III.  ARGUMENT

### A.    This Court Should Dismiss This Action Because First Mercury Failed To Name The Underlying Plaintiffs As Parties To This Lawsuit

When an insurer obtains an anticipatory declaratory judgment against only its insured concerning the scope of insurance coverage, that declaratory judgment is *not* binding on injured parties who might later obtain a money judgment against the insured. *See Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974); *Constitution Associates*, 930 P.2d at 562. If those injured parties obtain a monetary judgment against the insured, they will have a right to pursue a second action against the insurer to collect. *See, e.g., Kennedy v. Aerr Co.*, 833 P.2d 807 (Colo. App. 1991). This second action may result in re-litigation of the scope of insurance coverage.

For this reason and others, in a 2012 decision, Magistrate Judge Hegarty made a recommendation (which Judge Krieger later adopted) that an insurer's anticipatory declaratory judgment against its insured could *not* proceed unless the injured parties with claims against the

---

[3] First Mercury also alleges that it has no duty to indemnify BDI under the primary or excess policies for any potential punitive or exemplary damages that might be awarded against BDI in the Florida Lawsuits. *Id.* ¶¶ 54-58. BDI has not, and will not, claim that First Mercury must indemnify BDI for such punitive or exemplary damages. As a result, there is no controversy concerning this issue.

4

insured were named as defendants. *United Financial Casualty Co.*, 2012 WL 7800838 at *8. (D.

Colo. Oct. 12, 2012) (Hegarty, M.J.), *magistrate's recommendation adopted*, 2013 WL 1191392

(D. Colo. March 21, 2013) (Krieger, J.). As Magistrate Hegarty explained:

> Considering the factors set forth in Rule 19(b), the Fifth and Eleventh Circuits have
> determined that tort claimants, having claims against an insured for personal
> injuries, are indispensable parties to an insurer's declaratory action seeking a
> judgment that, under the coverage provisions of a contract, the insurer is not liable
> for the personal injury claims. *See Ranger Ins. Co. v. United Housing of New
> Mexico, Inc.,* 488 F.2d 682, 683 (5th Cir.1974) ; *American Safety Cas. Ins. Co. v.
> Condor Assocs., Ltd.,* 129 F. App'x 540, 543 (11th Cir. Apr. 21, 2005) . Likewise,
> a trial court in the Tenth Circuit has found that a plaintiff in an underlying action
> was indispensable to a declaratory action brought by the underlying defendant's
> insurance company for a judgment concerning liability coverage. *See American
> Int'l Specialty Lines Ins. Co. v. Reimer & Koger Assoc., Inc.,* 874 F.Supp. 324, 328–
> 29 (D.Kan.1995) . Persuaded by these decisions and having considered the Rule
> 19(b) factors, this Court recommends that the District Court find the Doe
> Defendants are indispensable to this declaratory action and may not be dropped
> pursuant to Rule 21.

2012 WL 7800838, at *8. *See also United Financial*, 2013 WL 1191392 at *3 (Judge Krieger

notes that the opposite ruling "increases the risk of inconsistent determinations as to the scope of

[the insurer's] insurance coverage."); *Colony Ins. Co. v. Vantaggio Farming Corp.*, 17-cv-00714-

LJO-SKO, 2017 WL 3478998, at *4 (E.D. Cal. August 14, 2017) ("The majority of courts have

held under Rule 19(b) that an injured party 'generally is a necessary party in a declaratory judgment

action brought to determine the insurance coverage for the claim.'") (citing cases); *Constitution

Associates*, 930 P.2d at 562 ("Since a declaratory judgment action cannot bind non-parties, any

entity or person with an existing or potential interest in the outcome should be named as a party in

order to fully and finally resolve the controversy at issue") (footnote omitted).

Here, First Mercury has not named the injured plaintiffs from the underlying Florida

Lawsuits as defendants. Accordingly, this Court should dismiss this action.

**B.     This Court Should Dismiss First Mercury's Declaratory Judgment Action Because It Is Not "Independent Of And Separable From" The Florida Lawsuits**

This Court has the discretion to decide whether to issue a declaratory judgment.  *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994).  The Tenth Circuit has provided the following non-exhaustive list of five factors to consider when deciding how to exercise that discretion: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.  *Runyon*, 53 F.3d at 1169; *Mhoon*, 31 F.3d at 983.

In this district, courts have often considered these five "*Mhoon* factors" in deciding whether to exercise their discretion in actions such as this one, *i.e.*, in an insurer's anticipatory declaratory judgment action seeking a declaration of non-coverage.  *See, e.g., Addison Ins. Co. v. Rippy*, 08-cv-00237-PAB-MJW, 2009 WL 723322 (D. Colo. March 18, 2009); *Addison Ins. Co. v. Maynard*, 08-cv-00054-WDM-BNB, 2008 WL 2079143 (D. Colo. May 15, 2008).

First Mercury's failure to name the plaintiffs in the Florida Lawsuits as defendants (in addition to being a separate and independent ground for dismissal of this action as discussed in Section III.A above) is relevant to *Mhoon* factors (1) and (2).  In other words, this action will neither fully settle the controversy, nor serve a useful purpose in clarifying the legal relations at issue, because any ruling in this action will not bind the plaintiffs in the Florida Lawsuits.

Active/49467361.2

With regard to *Mhoon* factor (4), courts in this district have emphasized that the Colorado Supreme Court, through *Constitution Associates*, has provided important and instructive guidance regarding whether to dismiss or stay an insurer's anticipatory declaratory judgment action. *See Rippy*, 2009 WL 723322 at \*6-7 and *Maynard*, 2008 WL 2079143 at \*2-6, both citing *Constitution Associates*). *See also Auto-Owners Ins. Co. v. High Country Coating, Inc.,* 261 F.Supp.3d 1129, 1139-40 (D. Colo. 2017) (discussing only *Constitution Associates*, and not expressly discussing the *Mhoon* factors, in deciding to stay an insurer's anticipatory declaratory judgment action).

In *Constitution Associates*, the Colorado Supreme Court held that a trial court should only proceed with an insurer's anticipatory declaratory judgment action when the insurer's coverage issues are "independent of and separable from" the issues in the underlying lawsuit. *See Constitution Associates*, 930 P.2d at 560-64. The Colorado Supreme Court's holding was clear: "Lastly, in addition to the standards set out in our prior cases, we today enunciate the requirement that a trial court consider whether an anticipatory declaratory judgment action is *independent of and separable from* the underlying action." *Id.* at 561 (citations omitted; emphasis added).

As noted in *Rippy*, the independent-and-separable requirement prevents an insurer from potentially forcing an insured to take positions or steps in the declaratory action that might be contrary to the insured's interests in defending the underlying action. *Rippy*, 2009 WL 723322 at \*7 (allowing the case to go forward "impermissibly increases the likelihood that Mr. Rippy would be required to make assertions in this declaratory judgment action that are contrary to his interests" in the underlying state court litigation against him).

In *Constitution Associates*, the Colorado Supreme Court identified the classic situation where the insurer's pursuit of an anticipatory declaratory judgment can prejudice the insured as a

7

result of the intertwining between the coverage issues and the underlying dispute – where resolution of the coverage issue will force the insured to take a position that will be detrimental to its defense of the underlying lawsuit.  The Court pointed specifically to the situation in *Hartford Ins. Group v. District Court*, 625 P.2d 1013 (Colo.1981) as an example:

> In *Hartford,* two trucks were involved in a collision and one driver sued the other driver and that driver's employer. The employer's insurance company sought a declaratory judgment that the employee driver's actions were not covered by the policy because they were outside the scope of employment and were, in effect, intentional rather than negligent. This court upheld the trial court's order staying the declaratory judgment action until completion of the underlying lawsuit, because if the insured were forced to litigate the anticipatory declaratory action, he would have been prejudiced in the underlying case. ***Specifically, to prove that his actions were not intentional, the driver would have had to argue they were negligent. The defendant would then have been estopped from denying negligence in the underlying suit.*** Clearly this would have prejudiced his defense in the underlying suit and, hence, permission to proceed with the declaratory action was correctly denied.

*Id*. at 562-563 (internal citations omitted).

First Mercury has forced BDI into precisely this situation.  To secure coverage under First Mercury's policies in this declaratory judgment case, BDI would have to argue its actions constituted something other than professional negligence – i.e., general negligence, negligent failure to disclose, negligent misrepresentation, gross negligence, or negligent failure to ensure safety.  But, in doing so, BDI would be estopped from denying those negligence allegations in the Florida lawsuits.  This would materially prejudice BDI's defense in the Florida lawsuits.  Given the severity of the damages caused by the FIU bridge collapse, BDI would expose itself to substantial monetary liability.  This is exactly the same situation as existed in *Hartford Ins. Group v. District Court* and exactly the type of prejudice *Constitution Associates* and its state and federal court progeny prohibit.

8

The allegations of the Master Civilian Complaint and Master Worker Complaint further show how intertwined the coverage issue raised by First Mercury is to the claims in the Master Complaints.  Again, First Mercury asserts all of the allegations in the Master Complaints arise out of BDI's professional services.  But the Master Complaints say otherwise and make multiple allegations of common law negligence and other types of negligence.  For example, the Master Civilian Complaint alleges:

> BDI owed "common law duties" to "the public at large, including Plaintiff, which were separate and apart from the standards of care of Defendant as a purveyor of services on the project," *id.* ¶ 227;

> Despite its knowledge of the uncured concrete, cracking issues and other dangers, BDI negligently failed to disclose this information because BDI did not tell "the construction force, the public at large and the Plaintiff not to come in close proximity to or drive under the structure on March 15, 2018," *id.* ¶ 233(g);

> Despite its knowledge of the uncured concrete, cracking issues and other dangers, BDI negligently misrepresented (during some unspecified time frame) facts by "promot[ing] its involvement in the project and [making] verbal and nonverbal representations that the bridge project was safe and posed no dangers to the members of the public at large," *id.* ¶ 237;

> BDI committed negligent misrepresentation "by allowing the travel lanes below the bridge to remain open and/or by not insisting or recommending that they be closed during post tensioning work on March 15, 2018," *id.* ¶ 238.

The Master Worker Complaint makes similar allegations:

> BDI committed gross negligence by "[f]ailing to protect workers on the project" and by "[n]egligently and recklessly requiring employees to continue work on the bridge when known dangers existed," *id.* ¶ 417 (a & f);

> BDI negligently failed to ensure the safety of workers when BDI representatives "failed to disclose information that they actually possessed in knowing of the cracks and that the condition of those cracks was worsening;" *id.* ¶ 436;

BDI (again, during some unspecified time frame) committed negligent misrepresentation when BDI "engaged in conduct it knew, based on similar incidents, was virtually certain to result in injury or death," *id.* ¶ 447.

First Mercury cannot force its insured to take a position in this case to secure coverage under its policies which will materially prejudice BDI's ability to defend itself in the Florida Lawsuits.   Accordingly, BDI respectfully requests this Court dismiss First Mercury's First Amended Complaint.

## IV.        CONCLUSION

For the reasons discussed above, BDI respectfully requests that this Court dismiss this case.

DATED this 19th day of February, 2019.

<div style="margin-left:40%">

By:      s/ Christopher R. Mosley

Christopher R. Mosley
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 299-0940
Email:  cmosley@shermanhoward.com
Attorney for Bridge Diagnostics, Inc.

</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 19th day of February, 2019, the foregoing **DEFENDANT'S MOTION TO DISMISS** was electronically filed with the Court via CM/ECF, and via e-mail to:

Jeremy L. Swift, Esq.
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO 80202

Kristin V. Gallagher, Esq.
Joanna L. Young, Esq.
Kennedys CMK LLP
570 Lexington Ave., 8th Floor
New York, NY 10022

*s/ Christopher R. Mosley*

11